<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD JONES, | : | **Hon. Robert B. Kugler** |
| Petitioner, | : | Civil Action No. 07-1505 (RBK) |
| v. | : | |
| GEORGE W. HAYMAN, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

> RONALD JONES, #67483/954731A
> Northern State Prison
> P.O. Box 2300
> Newark, New Jersey  07114
> Petitioner <u>Pro</u> <u>Se</u>

**KUGLER, District Judge**

Ronald Jones filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, accompanied by a memorandum of law and several exhibits from the state court record, challenging a judgment of conviction filed in the Superior Court of New Jersey on October 19, 1981.  Having thoroughly reviewed Petitioner's papers and this Court's docket and, for the reasons expressed below, this Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

**I.  BACKGROUND**

Petitioner challenges a judgment of conviction in the Superior Court of New Jersey, Law Division, Cumberland County, after a jury convicted him of first-degree kidnaping, four counts of first-degree aggravated sexual assault, and possession of a weapon for an unlawful purpose.

On October 19, 1981, the Law Division imposed an aggregate term of 55 years of imprisonment, with 25 years of parole ineligibility. Petitioner did not timely file a notice of appeal. See Jones v. Morton, 195 F.3d 153, 155 (3d Cir. 1999).

Eight years later, Petitioner filed a motion with the Superior Court of New Jersey, Appellate Division, for leave to file a direct appeal *nunc pro tunc*. The Appellate Division remanded to the trial court to make a factual determination as to whether Petitioner had asked trial counsel to file a timely notice of appeal. After conducting an evidentiary hearing, the Law Division ruled that Petitioner did not ask counsel to file a notice of appeal within 45 days of entry of the judgment of conviction. On November 1, 1990, after reviewing the record, the Appellate Division denied leave to appeal nunc pro tunc. On April 30, 1992, the New Jersey Supreme Court denied certification.

On January 8, 1993, Petitioner filed his first § 2254 petition in this Court. See Jones v. Beyer, Civil No. 93-0164 (JFG) (D.N.J. filed Jan. 8, 1993). On January 24, 1994, United States District Judge John F. Gerry dismissed the petition without prejudice for failure to exhaust.

On March 28, 1995, Petitioner filed a second § 2254 petition. See Jones v. Morton, Civil No. 95-1296 (JHR) (D.N.J. filed March 28, 1995). On April 24, 1996, while this petition was pending, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). On July 15, 1996, this Court dismissed the petition ruling that Petitioner raised no cognizable federal claim and, alternatively, failed to exhaust state court remedies. Petitioner appealed, and on January 13, 1997, the United States Court of Appeals for the Third Circuit denied a certificate of appealability on the ground that Petitioner failed to exhaust state court remedies. See C.A. No. 96-5471. On February 14, 1997, the Third Circuit denied a petition for a panel rehearing.

On November 3, 1997, Petitioner filed his third § 2254 petition.  See Jones v. Morton, Civil No. 97-5606 (JHR) (D.N.J. filed Nov. 3, 1997).  On April 9, 1998, United States District Judge Joseph H. Rodriguez denied the petition with prejudice as a successive petition because Petitioner had presented the same three claims in his previous petition.  In addition, Judge Rodriguez denied the petition as time barred and denied a certificate of appealability.  Petitioner filed a timely notice of appeal.  The Third Circuit granted a certificate of appealability limited to the issues of whether dismissal of the petition as time barred was proper and whether Petitioner was entitled to equitable or statutory tolling.  See Jones v. Morton, 195 F.3d at 156.  The Third Circuit held that the District Court properly dismissed the third § 2254 as barred by the AEDPA's one-year statute of limitations, which had expired four months before Petitioner signed the third petition on August 19, 1997.  Id. at 158.  The Third Circuit also ruled that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling, and that the filing date of his third § 2254 petition did not relate back to the filing date of his first or second petition.[1]

Petitioner filed his fourth § 2254 petition on January 24, 2001.  See Jones v. Hendricks, Civil No. 01-0337 (JAP) (D.N.J. filed Jan. 24, 2001).  On July 10, 2001, United States District Judge Joel A. Pisano denied the petition with prejudice.  On July 31, 2002, the Third Circuit denied Petitioner's request for a certificate of appealability.  On September 20, 2002, Petitioner filed his fifth § 2254 petition.  See Jones v. Hendricks, Civil No. 02-4612 (JHR) (D.N.J. filed

---

[1] Specifically, the Third Circuit determined that, "[a]lthough it appears that Jones was simply mistaken in his belief that he could obtain review in federal court without having presented his claims to the state courts, his misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations." Jones, 195 F.3d at 160.

Sept. 20, 2002).  On November 20, 2002, Judge Rodriguez dismissed the petition with prejudice and denied a certificate of appealability.

On August 18, 2003, Petitioner filed his sixth § 2254 petition.  See Jones v. Hendricks, Civil No. 03-3927 (JEI) (D.N.J. filed Aug. 18, 2003).  On September 8, 2003, United States District Judge Joseph E. Irenas transferred the case to the Third Circuit, which thereafter denied leave to proceed with a second or successive petition.

Petitioner filed his seventh § 2254 petition on March 30, 2004.  See Jones v. Hendricks, Civil No. 04-1529 (FLW) (D.N.J. filed Mar. 30, 2004).  On January 19, 2005, United States District Judge Freda L. Wolfson dismissed the petition for lack of jurisdiction on the ground that it was a second or successive petition and Petitioner had not obtained authorization from the Third Circuit.  See 28 U.S.C. § 2244(b)(3)(A).  On April 6, 2005, the Third Circuit denied Petitioner's application for a certificate of appealability as follows:

> Jones sought to file a second or successive petition for writ of habeas corpus in the District Court.  Because Jones had not obtained the necessary authorization to do so from this Court, see 28 U.S.C. § 2244(b)(3)(A) (2005), the District Court lacked jurisdiction to consider the petition, see Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  Jones has not shown that the District Court's decision to dismiss the petition arguably was incorrect. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jones .v Hendricks, C.A. No. 05-1269 order (3d Cir. April 6, 2005).

Petitioner executed his eighth § 2254 Petition on November 27, 2006.  See Jones v. Hayman, Civil No. 06-5725 (NLH) (D.N.J. filed Nov. 29, 2006).  The Petition challenged the October 19, 1981, judgment of conviction on 16 grounds.  In an Opinion and Order filed December 8, 2006, United States District Judge Noel L. Hillman dismissed the Petition for lack

4

of jurisdiction as a successive petition. Petitioner filed a notice of appeal, and the matter is pending before the United States Court of Appeals for the Third Circuit. See Jones v. Hayman, No. 06-5122 (3d Cir. filed Dec. 8, 2006).

Petitioner executed the § 2254 Petition which presently before this Court on March 26, 2007. The Clerk received it on March 30, 2007. The Petition, which is essentially the same as the 2006 Petition, challenges the October 19, 1981, conviction on 16 grounds.

## II.  DISCUSSION

A.  Jurisdiction

Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

On April 24, 1996, Congress enacted the AEDPA, which severely limits a district court's jurisdiction over second or successive § 2254 petitions. See Burton v. Stewart, 127 S. Ct. 973, 976 (2007). As a procedural matter, § 2244(b)(3)(A) "establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'" Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)). Specifically, the AEDPA provides: "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the court of

5

appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D); Benchoff, 404 F.3d at 816.

The substantive standard requires dismissal of a claim that was presented in a prior § 2254 petition, and requires dismissal of a new claim presented in a "second or successive" § 2254 petition, unless one of two standards is satisfied.  See 28 U.S.C. § 2244(b)(1) and (2). Specifically, the statute provides:

> (1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (b)(2).

"Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the [second or successive] petition."  Benchoff, 404 F.3d at 816; accord Burton, 127 S. Ct. at 796.

Although the AEDPA does not define "second or successive," a new application for habeas corpus relief is successive and may not be entertained by a district court, absent authorization from the circuit, where a prior application challenging the same conviction was adjudicated on the merits.  See Burton, 127 S. Ct. at 796-98.  A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.. § 2254(a) and (d)."  Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).[2]  The Petition before this Court constitutes a "second or successive" petition because both this Petition and Petitioner's third § 2254 petition, see Jones v. Morton, Civil No. 97-5606 (JHR) order (D.N.J. April 9, 1998), aff'd 195 F.3d 153 (3d Cir. 1999), "substantively address[] federal grounds for setting aside [Petitioner's] state conviction."  Gonzalez, 545 U.S. at 533.  This Court lacks jurisdiction over the Petition because Petitioner has not obtained authorization from the Third Circuit to file the present Petition, as required by § 2244(b).  See Burton, 127 S. Ct. at 796, 799.

---

[2] In Gonzalez, the Supreme Court held that a petitioner's motion to alter or amend an order dismissing a § 2254 application, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which alleged that in dismissing the petition as time barred, the district court misapplied the federal statute of limitations, does not constitute a "second or successive" § 2254 petition.  "If neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute [limiting successive petitions] or rules."  Id. at p. 2648.  The Gonzalez Court reasoned that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition."  Id. at p. 2649; see also Benchoff v. Colleran, 404 F.3d 812 (second § 2254 petition challenging the denial of parole was a "second or successive" petition within 28 U.S.C. § 2244(b) because the factual predicate (the decision denying parole) for the claim had arisen before Benchoff filed his first § 2254 petition challenging his underlying conviction, which was decided on the merits).

Under 28 U.S.C. § 1631, a district court may transfer a motion requesting authorization to file a second or successive petition to the court of appeals when that motion has been erroneously brought before the district court.  See Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").  None of the claims Petitioner presents here relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.  See 28 U.S.C. § 2244(b)(2).  Accordingly, this Court declines to transfer the Petition to the Third Circuit, and will dismiss the Petition for lack of jurisdiction.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.

## III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

DATED:     April 17    , 2007